By the Court.—Van Vorst, J.
Rule 30 of the general rules of practice provides, that in references, other than for the trial of issues in an action, the referee’s “report shall become absolute, and stand in all things confirmed, unless exceptions thereto are filed and served within eight days after service of the notice of filing same.”
The reference in this case, which was not of the issues, but to state the accounts of the defendant, Hauselt, as assignee, and of his indebtedness to the plaintiff, is within the rule requiring exceptions to be filed, and none having been filed, the defendant was entitled to an order confirming the report. In fact, the report had become absolute by force of the rule itself.
The record shows no error in the order made at *33 special term, confirming the report. The merits of the report do not appear to have been at all considered.
The order confirming the report of the referee was made on July 24, arid on July 31, the plaintiff appealed from the order. Thereafter he applied to the special term for leave to file his exceptions nunc pro tunc. Had the order been granted at that time, an appeal from the order of confirmation being then pending, it is not apparent how the appeal could be aided by exceptions thereafter filed, and which had not been in substance even considered on the motion to confirm. In order to have obtained the benefit of exceptions, filed in fact after the report had been confirmed, it would have been necessary to have obtained a rehearing of the original motion, which would have involved an abandonment of the appeal.
The grounds upon which the motion for leave to file exceptions nunc pro tunc was denied do not appear. Thfe court had doubtless power, at a proper stage of the proceeding, to order the exceptions, which, through a misapprehension of the practice in such cases, had not been filed, to be filed nunc pro tunc (Douglass v. Douglass, 7 Hun, 272), and if the exigencies of the case even now require it, such disposition of these appeals might be made as to allow that to be done which would be necessary to prevent a failure of justice.
And this involves a consideration of the merits.
The referee by his report has stated the account, and has reported that the balance of moneys in the hands of the assignee, which he has fixed at $1,764.68, is not sufficient to pay the indebtedness due him from the assignors, irrespective of his commission. He has also reported that there is no sum or amount due from the defendant Hauselt to the plaintiff.
The report of the referee covers the matters which were committed to him for examination and determi *34 nation. It is claimed on the behalf of the appellant that the referee erred in both of the conclusions at which he arrived, and which are above indicated.
It is urged that the referee has decided in opposition to the decision of this court (41 Super. Ct. 467) at general term, and to that of the court of appeals (76 N. Y. 614) in affirming the judgment of the general term.
We do not regard this point as well taken. By the original judgment rendered at the special term, it was decided that an accounting had been had by the defendant of his trust, for which reason the complaint was ordered to be dismissed. The judgment further awarded to the defendant Hauselt the sum of §1,881.08 against. the plaintiff. This judgment was reversed. The effect of the reversal is that upon the facts appearing upon the trial, the assignors were entitled to an accounting from the assignee, and to the payment over of any of the assigned estate or property in his hands to which the plaintiff was- entitled. That is what the plaintiff asked in his complaint, and the relief he in substance demanded.
That accounting the referee, appointed by the court, was ordered to take. Whether anything was due to the assignors or either of them, could only be ascertained by such accounting.
The principal objections urged by the appellant to the referee’s report are his conclusion that the assignors were indebted to the assignee, at the time of the assignment, in the sum of $3,000, and to his refusal to hold that the defendant Hauselt should account in this action for certain merchandise, consisting of wire gauze, which had been delivered to him by one of the assignors previous to the dissolution of the firm, and before the assignment was made.
In disposing of these objections on the merits, certain facts are to be considered.
Before the copartnership between the plaintiff and *35 the defendant Bancke was formed, Bancke was indebted to the defendant Hauselt in the sum of $5,000. To secure this claim Bancke executed and delivered to Hauselt a chattel mortgage, covering merchandise owned by him individually.
Afterwards Bancke entered into partnership with the plaintiff, and brought into the concern, as his pro'portion of the capital stock, his merchandise, encumbered by this mortgage.
Afterwards, and before the assignment was made by the firm for the benefit of its creditors, the defendant Hauselt demanded from Bancke the payment of his claim, or the delivery of the goods covered by his mortgage. Bancke, to satisfy Hauselt, delivered to him his notes, indorsed in the name of his firm, for the amount of the debt, and Hauselt delivered up the chattel mortgage. *
Hauselt claims that the firm’s indorsement was at the time assented to, or has been since ratified by the plaintiff. He testifies that when the firm’s indorsement was asked, Bancke replied that he would see Bust about it, and when he gave the notes said, ‘‘ Mr. Bust said it was all right.” The evidence of Hauselt is corroborated in this regard by that of his bookkeeper, the witness Wiegand. The defendant Bancke, upon the hearing before the referee, denied that he was authorized by his partner to indorse the note, and the plaintiff testified that he never knew of or assented to the indorsement by his,firm. t Afterwards, and before the assignment was made, a quantity of wire gauze, belonging to the firm of Bancke & Bust, was delivered by Bancke to the defendant Hauselt, with bills of sale therefor, executed in the firm name, on account of this indebtedness.
With the assignment, executed by the firm to the defendant Hauselt, for the benefit of their creditors, was delivered a schedule of their creditors, stating the *36 amounts due to each. In this schedule the debt due to the defendant Hauselt is stated to be $3,000.
The evidence does not justify so large a claim in favor of the defendant Hauselt, unless upon the basis that the firm acknowledged its liability on the indorsement made for Rancke’s individual debt.
It is quite clear, that for such indorsement the firm received, through the surrender of the defendant’s chattel mortgage, which was a lien upon the property covered thereby, a valuable consideration.
That mortgage, although void as to creditors, and subsequent purchasers in good faith, for the reason that it had not been filed, was nevertheless valid as to the mortgagor, and the merchandise of Rancke went into the concern impressed with its lien.
Although by the copartnership agreement these chattels became joint property, Rancke could not, by simply placing the goods in such new relation, he still remaining an owner and being in possession, deprive the mortgagee of his legal and equitable rights under his mortgage.
In finally adjusting the claim of the defendant Hauselt against the firm at the sum of $3,000, at which amount it is stated in the schedule, delivered with the assignment, there must have been some recognition of the transaction with respect to the wire gauze, the value of which must have been taken into account, in reducing the claim of the defendant, which had been increased to $6,000, to $3,000.
The defendant Hauselt testifies that at the time the assignment was made he received a schedule from the assignors, of their liabilities.
“Q. In Exhibit No. 1, the firm indebtedness to you is stated at $3,000; state how that amount was arrived at.
“A. They owed me $6,000, and after deducting the wire gauze, they agreed that the balance should be *37 $3,000. I accepted the assignment upon the schedule of liabilities handed me by Rancke & Rust, which included my debt at $3,000.”
This amounts to a ratification of what had been theretofore done, and is an adoption of the original claim against Rancke, for which the firm indorsement had been given as a firm obligation.
It is to be observed that this particular transaction is not sought to be impeached by the complaint in this action, nor are the creditors of the firm concerned in this proceeding.
The complaint urges neither fraud nor mistake as a ground for relief against the assignment, or the statement of the claim in favor of Hauselt. The usual accounting from an assignee is asked for, upon the closing up of the trust.
As between these parties the amount of the debt, in favor of the defehdant Hauselt, against Rancke & Rust, must be considered as the sum of $3,000. The assignors are estopped by their own action. With respect to it the parties must be left where they placed themselves. And that disposes of the question of the wire gauze sold to Hauselt before the assignment, and which was taken into account in adjusting the balance.
Amid the conflict in the evidence, it was for the referee to determine which of the witnesses he would believe, and we fail to see, in the result reached by him, any error in law, or any real injustice.
The orders appealed from are affirmed, with costs to respondent of one appeal.
Curtis, Ch. J., and Speir, J., concurred.
Subsequent to the above decision various proceedings of interest were had at special term. On one of these Judge Russell wrote an opinion in which a general review of the proceedings in the action is given.
In .view of the interesting questions’disposed of by Judge Russell, and the fact that they grew out of the above disposition made of the *38 case by the general term, the reporters have thought proper, contrary to their usual practice, to report that special term decision in this connection.